UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BECKY CHASENSKY,**

                Plaintiff,

        -vs-                                                     Case No. 11-C-1152

**SCOTT WALKER, individually, and in his
official capacity as Governor of the State of
Wisconsin, and CULLEN WERWIE, individually,
and in his official capacity as a staff member
and spokesman for the administration of
Governor Scott Walker,**

                Defendants.

## DECISION AND ORDER

On March 14, the Court issued an order denying the defendants' motion to dismiss and accompanying motion to stay discovery. On March 22, the defendants moved to reconsider that decision. On April 11, after the motion to reconsider was fully briefed, the defendants filed a notice of appeal.

In their notice of appeal, the defendants cite Federal Rule of Appellate Procedure 4(a)(4)(B)(i), which provides that if a party "files a notice of appeal after the court *announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) –* the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." This rule does not apply because the Court never announced or entered a judgment, and the defendants' motion to

"reconsider" is not a "motion listed in Rule 4(a)(4)(A)."  The Court's denial of the defendants' motion to dismiss is a prejudgment interlocutory order, subject to revision at any time before the entry of judgment.  Fed. R. Civ. P. 54(b); *Jackson v. McKay-Davis Funeral Home*, No. 07-C-1037, 2012 WL 5423739, at *1 (E.D. Wis. Nov. 6, 2012); *Reliance Standard Life Ins. v. Lyons*, 756 F. Supp. 2d 1013, 1032 (N.D. Ind. 2010). The defendants' motion to reconsider is a Rule 54(b) motion, not a Rule 59(e) motion.

Accordingly, the notice of appeal was "effective" upon its filing.  The filing of a notice of appeal is an event of "jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995).  District courts do possess "limited authority to deny Rule 60(b) motions while an appeal is still pending," *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418-19 (7th Cir. 2008), but again, the defendants' motion is directed towards an interlocutory order, and Rule 60(b) is inapplicable to interlocutory orders. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006).  Therefore, the Court must conclude that it lacks jurisdiction over the pending motion to reconsider. *See, e.g., Bond v. Walsh*, No. 11-CV-2059, 2011 WL 6149961, at *4-5 (C.D. Ill. Dec. 12, 2011).

Defendants' motion for reconsideration [ECF No. 57] is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2013.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**