UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BECKY CHASENSKY,**

    Plaintiff,

  -vs-                        Case No. 11-C-1152

**SCOTT WALKER, et al,**

    Defendants.

## DECISION AND ORDER

This matter comes before the Court on remand from the Seventh Circuit for the limited purpose of explaining its reasons for denying the defendants' request for qualified immunity, specifically in the context of defendants' motion for reconsideration [ECF No. 57].

This matter, already one-and-a-half years old, has been through extensive pre-discovery motion practice. First, the defendants moved to dismiss, a motion which the Court granted-in-part and denied-in-part. ECF No. 16. Then, the United States intervened for rehearing on the issue of whether 11 U.S.C. § 525(a) is unconstitutional as applied to the appointment power of a duly elected State governor. This resulted in another substantive ruling from the Court, and in the same opinion, the Court granted the plaintiff's motion for leave to file an amended complaint. ECF No. 48. The amended complaint added an equal protection claim but kept the substantive due process claim that survived the defendants' initial motion to dismiss.

To this point, the defendants never raised the issue of qualified immunity – not in their initial motion to dismiss [ECF Nos. 5-6], not in their supplemental briefing in relation to the United States' motion to intervene [ECF No. 45], not in their brief in opposition for leave to file an amended complaint [ECF No. 37], and not even in their answer to the original complaint [ECF No. 18]. It was only after the Court granted leave to file an amended complaint, and after over a year of extensive motion practice, that the defendants raised qualified immunity. The Court's subsequent order [ECF No. 56] was terse because the Court had already issued rulings allowing Chasensky's claims to go forward, and the defendants were clearly engaged in dilatory tactics to either delay or avoid discovery. Defendants waived the qualified immunity defense, at least with respect to the pre-discovery stage of this litigation. *See, e.g., English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994) ("the trial court has discretion to find a waiver if a defendant fails to assert the defense within time limits set by the court *or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes*") (emphasis added).

Defendants' motion for reconsideration [ECF No. 57] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2013.

                                              **BY THE COURT:**

                                              */s/ Rudolph T. Randa*
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**